THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ERIC MALLETT,<br><br>        Plaintiff,<br><br>v.<br><br>RICHARD H. BRODERICK, JR., PERFORMANT RECOVERY, INC., and UNITED STATES OF AMERICA,<br><br>        Defendants. | CIVIL ACTION NO. 1:20-00390-NT |

**DEFENDANT PERFORMANT RECOVERY, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendant Performant Recovery, Inc. ("Performant") hereby submits its Answer, Affirmative Defenses and Jury Demand in response to the First Amended Complaint filed by Plaintiff Eric Mallett.

**JURISDICTION AND VENUE**

1. Paragraph 1 of the First Amended Complaint sets forth a statement regarding jurisdiction and venue to which no response is required.

2. Paragraph 2 of the First Amended Complaint sets forth a statement regarding jurisdiction and venue to which no response is required.

**PARTIES**

3. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 3 of the First Amended Complaint and therefore denies them.

4. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 4 of the First Amended Complaint and therefore denies them.

5. Performant admits to the allegations set forth in Paragraph 5 of the First Amended Complaint.

6. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 6 of the First Amended Complaint and therefore denies them.

**FACTS REGARDING PLAINTIFF ERIC MALLETT**

7. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 7 of the First Amended Complaint and therefore denies them.

8. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 8 of the First Amended Complaint and therefore denies them.

9. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 9 of the First Amended Complaint and therefore denies them.

10. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 10 of the First Amended Complaint and therefore denies them.

11. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 11 of the First Amended Complaint and therefore denies them.

**FACTS REGARDING DEFENDANT RICHARD H. BRODERICK, JR.**

12. Paragraph 12 of the First Amended Complaint sets forth allegations pertaining solely to Defendant Richard H. Broderick, Jr. To the extent any of the allegations set forth in Paragraph 12 of the First Amended Complaint pertain to Performant, those allegations are denied.

13. Paragraph 13 of the First Amended Complaint sets forth allegations pertaining solely to Defendant Richard H. Broderick, Jr. To the extent any of the allegations set forth in Paragraph 13 of the First Amended Complaint pertain to Performant, those allegations are denied.

14. Paragraph 14 of the First Amended Complaint sets forth allegations pertaining solely to Defendant Richard H. Broderick, Jr. To the extent any of the allegations set forth in Paragraph 14 of the First Amended Complaint pertain to Performant, those allegations are denied.

15. Paragraph 15 of the First Amended Complaint sets forth allegations pertaining solely to Defendant Richard H. Broderick, Jr. To the extent any of the allegations set forth in Paragraph 15 of the First Amended Complaint pertain to Performant, those allegations are denied.

16. Paragraph 16 of the First Amended Complaint sets forth allegations pertaining solely to Defendant Richard H. Broderick, Jr. To the extent any of the allegations set forth in Paragraph 16 of the First Amended Complaint pertain to Performant, those allegations are denied.

17. Paragraph 17 of the First Amended Complaint sets forth allegations pertaining solely to Defendant Richard H. Broderick, Jr. To the extent any of  the allegations set forth in Paragraph 17 of the First Amended Complaint pertain to Performant, those allegations are denied.

18. Paragraph 18 of the First Amended Complaint sets forth allegations pertaining solely to Defendant Richard H. Broderick, Jr. To the extent any of  the allegations set forth in Paragraph 18 of the First Amended Complaint pertain to Performant, those allegations are denied.

19. Paragraph 19 of the First Amended Complaint sets forth allegations pertaining solely to Defendant Richard H. Broderick, Jr. To the extent any of  the allegations set forth in Paragraph 19 of the First Amended Complaint pertain to Performant, those allegations are denied.

20. Paragraph 20 of the First Amended Complaint sets forth allegations pertaining solely to Defendant Richard H. Broderick, Jr. To the extent any of  the allegations set forth in Paragraph 20 of the First Amended Complaint pertain to Performant, those allegations are denied.

## FACTS REGARDING PERFORMANT RECOVERY, INC.

21. Performant admits to the allegations set forth in Paragraph 21 of the First Amended Complaint.

22. Performant admits to the allegations set forth in Paragraph 22 of the First Amended Complaint.

23. Paragraph 23 of the First Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Performant denies the allegations set forth in Paragraph 23 of the First Amended Complaint.

24. Paragraph 24 of the First Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Performant denies the allegations set forth in Paragraph 24 of the First Amended Complaint.

25. Performant admits to the allegations set forth in Paragraph 25 of the First Amended Complaint.

26. Performant admits to the allegations set forth in Paragraph 26 of the First Amended Complaint.

27. Performant admits to the allegations set forth in Paragraph 27 of the First Amended Complaint.

28. Paragraph 28 of the First Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Performant denies the allegations set forth in Paragraph 28 of the First Amended Complaint.

## FACTS REGARDING DEFENDANT UNITED STATES OF AMERICA, ACTING THROUGH THE RURAL HOUSING SERVICE OF THE UNITED STATES DEPARTMENT OF AGRICULTURE

29. Paragraph 29 of the First Amended Complaint sets forth allegations pertaining solely to Defendant United States of America. To the extent any of the allegations set forth in Paragraph 29 of the First Amended Complaint pertain to Performant, those allegations are denied.

30. Paragraph 30 of the First Amended Complaint sets forth allegations pertaining solely to Defendant United States of America. To the extent any of the allegations set forth in Paragraph 30 of the First Amended Complaint pertain to Performant, those allegations are denied.

31. Paragraph 31 of the First Amended Complaint sets forth allegations pertaining solely to Defendant United States of America. To the extent any of the allegations set forth in Paragraph 31 of the First Amended Complaint pertain to Performant, those allegations are denied.

32. Paragraph 32 of the First Amended Complaint sets forth allegations pertaining solely to Defendant United States of America. To the extent any of the allegations set forth in Paragraph 32 of the First Amended Complaint pertain to Performant, those allegations are denied.

## FACTS REGARDING THE PROPERTY AND THE MORTGAGE

33. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 33 of the First Amended Complaint and therefore denies them.

34. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 34 of the First Amended Complaint and therefore denies them.

35. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 35 of the First Amended Complaint and therefore denies them.

36. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 36 of the First Amended Complaint and therefore denies them.

37. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 37 of the First Amended Complaint and therefore denies them.

38. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 38 of the First Amended Complaint and therefore denies them.

39. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 39 of the First Amended Complaint and therefore denies them.

40. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 40 of the First Amended Complaint and therefore denies them.

41. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 41 of the First Amended Complaint and therefore denies them.

42. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 42 of the First Amended Complaint and therefore denies them.

43. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 43 of the First Amended Complaint and therefore denies them.

44. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 44 of the First Amended Complaint and therefore denies them.

**FACTS REGARDING THE FORECLOSURE ACTION**

45. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 45 of the First Amended Complaint and therefore denies them.

46. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 46 of the First Amended Complaint and therefore denies them.

47. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 47 of the First Amended Complaint and therefore denies them.

48. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 48 of the First Amended Complaint and therefore denies them.

49. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 49 of the First Amended Complaint and therefore denies them.

50. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 50 of the First Amended Complaint and therefore denies them.

51. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 51 of the First Amended Complaint and therefore denies them.

52. Paragraph 52 of the First Amended Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Performant denies the allegations set forth in Paragraph 52 of the First Amended Complaint.

53. Paragraph 53 of the First Amended Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Performant denies the allegations set forth in Paragraph 53 of the First Amended Complaint.

54. Paragraph 54 of the First Amended Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Performant denies the allegations set forth in Paragraph 54 of the First Amended Complaint.

**FACTS REGARDING THE "REINSTATEMENT AND WAIVER OF FORECLOSURE"**

55. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 55 of the First Amended Complaint and therefore denies them.

56. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 56 of the First Amended Complaint and therefore denies them.

57. Paragraph 57 of the First Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Performant denies the allegations set forth in Paragraph 57 of the First Amended Complaint.

58. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 58 of the First Amended Complaint and therefore denies them.

59. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 59 of the First Amended Complaint and therefore denies them.

60. Paragraph 60 of the First Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Performant denies the allegations set forth in Paragraph 60 of the First Amended Complaint.

61. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 61 of the First Amended Complaint and therefore denies them.

62. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 62 of the First Amended Complaint and therefore denies them.

63. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 63 of the First Amended Complaint and therefore denies them.

64. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 64 of the First Amended Complaint and therefore denies them.

65. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 65 of the First Amended Complaint and therefore denies them.

66. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 66 of the First Amended Complaint and therefore denies them.

67. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 67 of the First Amended Complaint and therefore denies them.

68. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 68 of the First Amended Complaint and therefore denies them.

69. Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 69 of the First Amended Complaint and therefore denies them.

### **COUNT I – FEDERAL FDCPA AGAINST BRODERICK**
### **15 U.S.C. §§ 1692-1692p**

70. Performant repeats and reasserts its responses to Paragraphs 1 to 69 of the First Amended Complaint as if fully set forth herein.

71. Paragraph 71 of the First Amended Complaint sets forth allegations pertaining solely to Defendant Richard H. Broderick, Jr. To the extent any of the allegations set forth in Paragraph 71 of the First Amended Complaint pertain to Performant, those allegations are denied.

72. Paragraph 72 of the First Amended Complaint sets forth allegations pertaining solely to Defendant Richard H. Broderick, Jr. To the extent any of the allegations set forth in Paragraph 72 of the First Amended Complaint pertain to Performant, those allegations are denied.

73. Paragraph 73 of the First Amended Complaint, including subparts (a) through (d), sets forth allegations pertaining solely to Defendant Richard H. Broderick, Jr. To the extent any of the allegations set forth in Paragraph 73 of the First Amended Complaint pertain to Performant, those allegations are denied.

74. Paragraph 74 of the First Amended Complaint, including subparts (a) through (d), sets forth allegations pertaining solely to Defendant Richard H. Broderick, Jr. To the extent any of the allegations set forth in Paragraph 74 of the First Amended Complaint pertain to Performant, those allegations are denied.

## COUNT II – MAINE FDCPA AGAINST BRODERICK
## 32 M. R. S. §§ 11001-11054

75. Performant repeats and reasserts its responses to Paragraphs 1 to 74 of the First Amended Complaint as if fully set forth herein.

76. Paragraph 76 of the First Amended Complaint, including subparts (a) through (d), sets forth allegations pertaining solely to Defendant Richard H. Broderick, Jr.  To the extent any of the allegations set forth in Paragraph 76 of the First Amended Complaint pertain to Performant, those allegations are denied.

## COUNT III – FEDERAL FDCPA AGAINST PERFORMANT
## 15 U.S.C. §§ 1692-1692p

77. Performant repeats and reasserts its responses to Paragraphs 1 to 76 of the First Amended Complaint as if fully set forth herein.

78. Paragraph 78 of the First Amended Complaint refers to a document which speaks for itself.  To the extent a response is required, Performant denies the allegations set forth in Paragraph 78 of the First Amended Complaint.

79. Paragraph 79 of the First Amended Complaint refers to a document which speaks for itself.  To the extent a response is required, Performant denies the allegations set forth in Paragraph 79 of the First Amended Complaint.  Performant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 79 of the First Amended Complaint and therefore denies them.

80. Paragraph 80 of the First Amended Complaint refers to a document which speaks for itself.  To the extent a response is required, Performant denies the allegations set forth in Paragraph 80 of the First Amended Complaint.

81. Performant admits that it made calls to the Plaintiff, however, they are not accurately described in Paragraph 81 of the First Amended Complaint, and therefore, to that extent, Performant denies the allegations set forth in Paragraph 81.

82. Paragraph 82 of the First Amended Complaint, including subparts (a) through (d), sets forth a legal conclusion to which no response is required.  To the extent a response is required, Performant denies the allegations set forth in Paragraph 82 of the First Amended Complaint.

83. Paragraph 83 of the First Amended Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Performant denies the allegations set forth in Paragraph 83 of the First Amended Complaint.

84. Paragraph 84 of the First Amended Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, Performant denies the allegations set forth in Paragraph 84 of the First Amended Complaint.

WHEREFORE, Performant states that Count III of the First Amended Complaint should be dismissed and that judgment enter in favor of Performant together with its costs, interest and reasonable attorney fees.

## COUNT IV – MAINE FDCPA AGAINST PERFORMANT
### 32 M. R. S. §§ 11001-11054

85. Performant repeats and reasserts its responses to Paragraphs 1 to 84 of the First Amended Complaint as if fully set forth herein.

86. Paragraph 86 of the First Amended Complaint, including subparts (a) through (d), sets forth a legal conclusion to which no response is required.  To the extent a response is required, Performant denies the allegations set forth in Paragraph 86 of the First Amended Complaint.

87. Paragraph 87 of the First Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Performant denies the allegations set forth in Paragraph 87 of the First Amended Complaint.

88. Paragraph 88 of the First Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Performant denies the allegations set forth in Paragraph 88 of the First Amended Complaint.

WHEREFORE, Performant states that Count IV of the First Amended Complaint should be dismissed and that judgment enter in favor of Performant together with its costs, interest and reasonable attorney fees.

## COUNT V – DECLARATORY JUDGMENT AGAINST UNITED STATES OF AMERICA
### 28 U.S.C. §§ 2201 & 2202

89. Performant repeats and reasserts its responses to Paragraphs 1 to 88 of the First Amended Complaint as if fully set forth herein.

90. Paragraph 90 of the First Amended Complaint sets forth allegations pertaining solely to Defendant United States of America. To the extent any of the allegations set forth in Paragraph 90 of the First Amended Complaint pertain to Performant, those allegations are denied.

91. Paragraph 91 of the First Amended Complaint sets forth allegations pertaining solely to Defendant United States of America. To the extent any of the allegations set forth in Paragraph 91 of the First Amended Complaint pertain to Performant, those allegations are denied.

92. Paragraph 92 of the First Amended Complaint sets forth allegations pertaining solely to Defendant United States of America. To the extent any of the allegations set forth in Paragraph 92 of the First Amended Complaint pertain to Performant, those allegations are denied.

93. Paragraph 93 of the First Amended Complaint sets forth allegations pertaining solely to Defendant United States of America. To the extent any of the allegations set forth in Paragraph 93 of the First Amended Complaint pertain to Performant, those allegations are denied.

94. Paragraph 94 of the First Amended Complaint sets forth allegations pertaining solely to Defendant United States of America. To the extent any of the allegations set forth in Paragraph 94 of the First Amended Complaint pertain to Performant, those allegations are denied.

95. Paragraph 95 of the First Amended Complaint sets forth allegations pertaining solely to Defendant United States of America. To the extent any of the allegations set forth in Paragraph 95 of the First Amended Complaint pertain to Performant, those allegations are denied.

96. Paragraph 96 of the First Amended Complaint sets forth allegations pertaining solely to Defendant United States of America. To the extent any of the allegations set forth in Paragraph 96 of the First Amended Complaint pertain to Performant, those allegations are denied.

97. Paragraph 97 of the First Amended Complaint sets forth allegations pertaining solely to Defendant United States of America. To the extent any of the allegations set forth in Paragraph 97 of the First Amended Complaint pertain to Performant, those allegations are denied.

98. Paragraph 98 of the First Amended Complaint sets forth allegations pertaining solely to Defendant United States of America. To the extent any of the allegations set forth in Paragraph 98 of the First Amended Complaint pertain to Performant, those allegations are denied.

99. Paragraph 99 of the First Amended Complaint sets forth allegations pertaining solely to Defendant United States of America. To the extent any of the allegations set forth in Paragraph 99 of the First Amended Complaint pertain to Performant, those allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE OR OTHER DEFENSE
### Failure to State a Cause of Action

The Complaint fails to state any claim against Performant upon which relief can be granted.

## SECOND AFFIRMATIVE OR OTHER DEFENSE
### Statute of Limitations

The Complaint is barred in whole or in part by all applicable statutes of limitations.

## THIRD AFFIRMATIVE OR OTHER DEFENSE
### Failure to Mitigate

Plaintiff has failed to exercise reasonable diligence to mitigate his harm and/or damages, and therefore is barred from recovering any damages or any damages awarded should be reduced accordingly.

## FOURTH AFFIRMATIVE OR OTHER DEFENSE
### Plaintiff's Own Acts

Part, if not all, of Plaintiff's alleged damages were incurred as a result of Plaintiff's own breaches, acts, omissions, and negligence and thus recovery by Plaintiffs is barred or reduced accordingly.

## FIFTH AFFIRMATIVE OR OTHER DEFENSE
### Acts of Others

Part, if not all, of Plaintiff's alleged damages were incurred as a result of the breaches, acts, omissions, and negligence of persons or entities over which Performant exercises no control and for which Performant has no liability.

## SIXTH AFFIRMATIVE OR OTHER DEFENSE
### Estoppel

The First Amended Complaint is barred by the doctrine of judicial and/or equitable estoppel.

## SEVENTH AFFIRMATIVE OR OTHER DEFENSE
### Waiver

The First Amended Complaint is barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE OR OTHER DEFENSE
### Laches

The First Amended Complaint is barred by the doctrine of laches.

### NINTH AFFIRMATIVE OR OTHER DEFENSE
### Unclean Hands

The First Amended Complaint is barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE OR OTHER DEFENSE
### Conformity with Laws and Regulations

At all times relevant to the above-captioned action, Performant acted in accordance with all applicable laws or regulations and any claims predicated on any purported violation of any such laws or regulations are barred.

### ELEVENTH AFFIRMATIVE OR OTHER DEFENSE
### Intervening/Superseding Events

Part, if not all, of Plaintiff's alleged damages were the result of intervening or superseding events, acts, or omissions of other parties over which Performant has no control, and for which it cannot be held liable to Plaintiff.

### TWELFTH AFFIRMATIVE OR OTHER DEFENSE
### Good Faith

Defendants acted reasonably, lawfully, and in good faith at all times material herein based on all relevant facts and circumstances known to it.

### THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE
### Justification/Privilege

The First Amended Complaint and each and every purported cause of action alleged therein is barred, in whole or in part, to the extent that Defendant's alleged actions, if done at all, were justified and/or privileged.

### FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE
### Vague, Uncertain, and Ambiguous

The First Amended Complaint, and each cause of action therein, is vague, uncertain, and ambiguous.

### FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE
### Plaintiff's Conduct Prevented/Excused Performant's Performance of Obligations

Plaintiff's claims are barred, in whole or in part, by their own conduct which prevented or excused Performant's performance of its obligations alleged in the First Amended Complaint.

### SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE
### Contribution

Any and all harm alleged by Plaintiff can be attributed to several causes, and the damages for the harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

### SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE
### Several Liability

Should Plaintiff prevail against Defendants, Performant's liability is several and limited to its own actionable segments of fault, if any.

### EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE
### No Damages

Plaintiff did not incur any damages or loss as a result of any act or conduct by Performant.

### NINETEENTH AFFIRMATIVE OR OTHER DEFENSE
### Causation

Plaintiff fails to show that any alleged acts or omissions of Performant caused the injuries or damages claimed by Plaintiff.

### TWENTIETH AFFIRMATIVE OR OTHER DEFENSE
### Speculative Damages

Any damage or loss Plaintiff did incur as a result of any act or conduct by Performant would be speculative at best and thus too uncertain for recovery.

### TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE
### Unjust Enrichment

Plaintiffs would be unjustly enriched if allowed to recover under the First Amended Complaint.

### TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE
### Ratification/Consent

Plaintiff ratified or consented to the actions and conduct of Performant. Thus, to the extent Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by Plaintiff's own ratification/consent of the conduct giving rise to his alleged damages and/or Plaintiff's own conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct, and not by Performant.

### TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE
### Lack of Malice

Performant specifically denies that they acted with any willfulness, oppression, fraud or malice towards Plaintiff or others.

### TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE
### Lack of Intent

Any alleged violation by Performant that gives rise to Plaintiff's causes of action was unintentional.

### TWENTY- FIFTH AFFIRMATIVE OR OTHER DEFENSE
### Bona Fide Error

Defendant is not liable for any violation, even if one occurred, because the violation was not intentional, and if any violation occurred, it resulted from a bona fide error notwithstanding Defendant's maintenance of procedures reasonably adapted to avoid any such error.

### TWENTY- SIXTH AFFIRMATIVE OR OTHER DEFENSE
### Reservation of Rights

Performant presently has insufficient knowledge or information upon which to form a belief as to whether it has or may have additional, yet unstated, affirmative or other defenses. Performant reserves the right to assert additional affirmative or other defenses in the event its investigation or discovery indicates that additional affirmative or other defenses are appropriate.

### **JURY DEMAND**

Performant hereby demands a trial by jury on all issues so triable in the First Amended Complaint.

        Respectfully Submitted,

        PERFORMANT RECOVERY, INC.
        By Its Attorney,

        */s/ Kip J. Adams*
        Kip J. Adams, Bar No. 004546
        LEWIS BRISBOIS BISGAARD & SMITH LLP
        One International Place, 3rd Floor
        Boston, MA 02110
        Tel.: (857) 313-3950
        Fax: (857) 313-3951
        kip.adams@lewisbrisbois.com

DATED: December 4, 2020

## CERTIFICATE OF SERVICE

    I, Kip J. Adams, counsel for Defendant Performant Recovery, Inc. hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

        */s/ Kip J. Adams*
        Kip J. Adams